UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALISHA HACKEL,                                               Case No. 25-10779

    Plaintiff,                                                    F. Kay Behm
v.                                                                     United States District Judge

NORTH HILL FARMS I, *et al.*,

    Defendants.
_____/

**OPINION AND ORDER GRANTING IN FORMA PAUPERIS
APPLICATION, DISMISSING COMPLAINT, AND DENYING
TEMPORARY RESTRAINING ORDER AS MOOT (ECF No. 2)**

**I.    PROCEDURAL HISTORY**

Plaintiff, Alisha Hackel, filed a complaint against Defendants on March 20, 2025. (ECF No. 1). While Hackel claims that her complaint is based on federal question jurisdiction, her complaint is based on an allegedly unlawful eviction proceeding in state court. (ECF No. 1, PageID.5). Hackel's handwritten complaint is largely illegible, but she alleges that the "lower court erred in granting eviction without Petitioner having the opportunity to assert equitable interest due to non disclosure by the opposing parties." *Id*. Plaintiff seeks a stay of eviction proceedings in state court. *Id.* at PageID.6. Additionally, Plaintiff filed a motion for temporary restraining order also seeking to enjoin the eviction. (ECF No. 2).

1

Plaintiff filed an application to proceed *in forma pauperis* on March 20, 2025. (ECF No. 3). The court now finds Plaintiff's application supports her claims and **GRANTS** her application to proceed *in forma pauperis*. For the reasons set forth below, the court **DISMISSES** Plaintiff's complaint without prejudice and **DENIES** the motion for temporary restraining order as **MOOT**.

II.  **ANALYSIS**

   A.  *Younger Abstention*

It is not clear from the complaint whether the eviction proceedings are ongoing in state court or have been finalized. To the extent that the eviction proceedings are ongoing in state court, this court is barred from interfering with pending state court proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is a party in an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal suit involving claims that could have been raised in the state case. *Fipps v.* Cove, 2022 WL 47984 (N.D. Ohio Feb. 16, 2022) (citing *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988)). If the state court defendant files such a case, *Younger* abstention requires the federal court to

defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

Based on these principles, abstention is appropriate where: (1) the state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford the plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43–45). Regarding the final factor, a plaintiff bears the burden of demonstrating that state procedural law bars presentation of his federal claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

Courts have routinely held that where a plaintiff is challenging an ongoing eviction proceeding, all three factors supporting abstention are present. *Leonard v. Montgomery*, 2023 WL 1070246 (S.D. Ohio Jan. 27, 2023) (collecting cases); *see*

*also Doscher v. Menifee Cir. Ct.*, 75 F. App'x 996, 997 (6th Cir. 2003) (affirming dismissal based on principles of *Younger* abstention where the plaintiff challenged a state-court foreclosure action); *Dudley v. Michalak*, 2008 WL 750554, at *1 (N.D. Ohio Mar. 19, 2008) (applying the *Younger* doctrine and abstaining from an eviction action). "The matters presented in the complaint are clearly the subject of a state housing matter, which is a state interest." *Goodall v. Casper*, 2023 WL 3553130, at *4 (W.D. Ky. May 18, 2023) (quoting *Askew v. Ambrose*, 2017 WL 240086, at *3 (W.D. Ky. Jan. 19, 2017) (citing *Doscher v. Menifee Circuit Court*, 75 F. App'x 996, 996-97 (6th Cir. 2003)). Further, there is no suggestion in the pleadings that any purported federal claim concerning the eviction is barred in the state action. *Szarell v. Summit Cty. Ct. of Common Pleas*, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of the *Younger* abstention was satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim). To the extent that the eviction proceedings are ongoing in state court, a ruling from this court on the present complaint would unduly interfere with any ongoing state court proceedings. Accordingly, this court must abstain from hearing Plaintiff's eviction-related complaints, and Plaintiff must pursue the matter in state court.

4

B.      *Rooker-Feldman*

To the extent that the foreclosure proceedings have concluded, Plaintiff's complaint essentially seeks review of a state court judgment of eviction. This court, however, lacks subject matter jurisdiction to grant Plaintiff's requested relief pursuant to the *Rooker–Feldman* doctrine. "The *Rooker–Feldman* doctrine embodies the notion that appellate review of state court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The United States Supreme Court has stated that the doctrine "is confined to ... cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "In practice this means that when granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction ... ." *Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 460 (6th Cir. 2003). The Sixth Circuit has explained that, to determine whether the *Rooker-Feldman* doctrine applies, courts must look to the "source of the injury the plaintiff alleges in the federal

5

complaint," *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006) and "consider what relief the plaintiff requests," *RLR Invs., LLC v. City of Pigeon Forge, Tenn.*, 4 F.4th 380, 388 (6th Cir. 2021).  If the source of the plaintiff's injury is the state-court judgment, then *Rooker-Feldman* bars the claim.  *McCormick*, 451 F.3d at 393; *RLR Invs.,* 4 F.4th at 388 (explaining that "the test is whether the plaintiff's injury stems from the state-court judgment, not whether the claims [asserted in state and federal court] are identical").  "A court cannot determine the source of the injury without reference to [the plaintiff's] request for relief." *Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012) (punctuation modified).

Here, Plaintiff's requested relief stems directly from the eviction decision. She requests (1) that the court grant an immediate stay of eviction, preventing removal of Plaintiff from her property; (2) that the court enjoin respondents from entering the eviction order or taking any further action that would dispossess Plaintiff; (3) that the court schedule a hearing to determine the merits of Plaintiff's complaint.  (ECF No. 1, PageID.6).  Plaintiff's claims are "'inextricably intertwined' with issues decided in state court proceedings" and this court may not exercise jurisdiction over such claims.  *Executive Art Studios, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (quoting *Feldman*, 460 U.S. at 486–87).  To the extent there is a final decision in the state court eviction

proceedings, this action is essentially an appeal of the state court eviction decision and thus, the court may not exercise jurisdiction over this matter. *See e.g.*, *Revere v. Bank of New York*, 2009 WL 2849541 (E.D. Mich. Aug. 31, 2009) (Where plaintiffs' claims were essentially an appeal of the state court decision regarding eviction and foreclosure, the plaintiff's claims were "inextricably intertwined" with issues decided in state court and action barred by *Rooker-Feldman*); *Leaphart v. Detroit Hous. Comm'n*, No. 12-13960, 2012 WL 12892146, at *2 (E.D. Mich. Oct. 18, 2012) (quotation marks and citation omitted) ("An action which seeks to prevent the execution of an order of eviction is exactly the type for which dismissal pursuant to the *Rooker-Feldman* doctrine is appropriate."); *Chapman v. Davis*, 2024 WL 3157779, at *1 (S.D. Ohio June 24, 2024) (Because the state court's eviction order is the source of the injury Plaintiff seeks to remedy with a TRO, the *Rooker-Feldman* doctrine bars such relief); *Tyson v. RBS Citizens*, No. 11-10852, 2011 WL 830096, at *1 (E.D. Mich. Mar. 3, 2011) ("Courts have consistently applied the *Rooker–Feldman* doctrine to claims requesting review of a state court's eviction and foreclosure proceedings.").

### III.   CONCLUSION

For the reasons set forth above, the court concludes that Plaintiff's complaint must be **DISMISSED** without prejudice and the motion for temporary restraining order is **DENIED** as moot.

**SO ORDERED**.

Date: March 27, 2025                           <u>s/F. Kay Behm</u>
                                               F. Kay Behm
                                               United States District Judge